**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TAMESHA N. BOYD,

                        Plaintiff,

          - v -                                      Civ. No. 1:14-CV-1386
                                                                   (LEK/RFT)

ALBANY COUNTY DEP'T OF SOC. SERVS., *et al.*,

                        Defendants.

**APPEARANCES:**                             **OF COUNSEL:**

TAMESHA N. BOYD
Plaintiff, *Pro se*
P.O. Box 281
Albany, New York 12201

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

**REPORT RECOMMENDATION and ORDER**

      The Clerk has sent to the Court for review a civil rights Complaint filed by *pro se* Plaintiff Tamesha N. Boyd. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but has submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, dated February 26, 2015, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

**I. DISCUSSION**

      Though somewhat difficult to decipher, after liberally construing Plaintiff's Complaint, it appears to the Court that Plaintiff's chief complaint is that members of the Albany County Department of Social Services discriminated against her based on her race and possible mental infirmity when, at some point, her welfare and Medicaid benefits were either revoked or denied. She

also asserts that such deprivations were maliciously done in retaliation for her exercising her First Amendment rights.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Furthermore, Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. (internal quotation marks and alterations omitted). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### A. Overview of the Complaint

Plaintiff's Complaint consists of 216 paragraphs spanning seventy-two typed pages. Deciphering the underlying facts surrounding Boyd's cannonade of conclusions proved to be a daunting task for the Court. Nevertheless, keeping in mind her *pro se* status, and possible mental infirmity, the Court has painfully pored through the entire extensive Complaint and has deduced a general sense of what may have transpired, though the precise dates and chronology of events remain nebulous.

According to the Complaint, Defendant Ronald M., an employee of Defendant Albany County Department of Social Services ("ACDSS"), was, at some point in time,[1] Plaintiff's Social Worker. Compl. at ¶ 3(b). Apparently, from Plaintiff's perspective, this relationship was tumultuous and Ronald M. has either denied Boyd's applications for and/or revoked public

---

[1] It is unclear whether Plaintiff currently receives services from ACDSS and whether Ronald M. remains her caseworker.

assistance and/or Medicaid from her. It is difficult to decipher the precise chronology of events because the dates set forth in Plaintiff's Complaint are fluid and inconsistent. For example, it is entirely unclear when she applied for benefits, when such were granted, and/or denied, and/or revoked. Toward the end of the Complaint, Plaintiff states that she was without benefits from January 4, 2013 through September 4, 2014 (*id*. at ¶¶ 105-11), but then she states that she couldn't, or perhaps wasn't allowed to, seek benefits from January 4, 2013 through June 5, 2014 (*id*. at ¶¶ 121-41). At times she states that she was denied the opportunity to apply for benefits, yet, seemingly during the same time, she was living in a homeless shelter (Defendant Marillac) paid for by ACDSS. *See, e.g., id*. at ¶¶ 53-54, 73, 76, 80, & 83.

While short on specifics, Plaintiff also claims that Ronald M. made certain derogatory comments that caused her to feel discriminated against, defamed her to her employer,[2] possibly causing her to lose her job, and falsified information on her application for benefits, causing her application to be denied. *See, e.g., id*. at ¶¶ 14, 39, 47, 80, & 86-87. At first, Plaintiff's allegations suggest that Ronald M. acted alone, but later in the Complaint, Plaintiff exclaims that all of the ACDSS employees treated her harshly by taunting, harassing, and demeaning her.[3] *Id*. at ¶¶ 93-95. And, because at some point in time she complained to Defendant Eric Ehrmann, ACDSS Commissioner, Plaintiff feels that all of the mistreatment she's received has been in retaliation for lodging complaints. *Id*. at ¶¶ 78-80 & 83. She further accuses the ACDSS of failing to properly train their staff to deal with "multicultural American wom[e]n," such as herself, or to deal with individuals with mental illnesses, which presumably is a category she has placed herself in, though

---

[2] It is not clear who employed Plaintiff.

[3] It is not clear if the employees collectively harassed Plaintiff over time, or if it was relegated to a single confrontational event.

*-4-*

she has not stated the nature of such illness. *See, e.g., id.* at ¶¶ 93-95, 102, & 105-11.

The Court also gleans that, at some point, Plaintiff and her two children, ages unknown, were placed in a homeless shelter, Defendant Marillac, at ACDSS's expense, but ACDSS nevertheless refused to approve Plaintiff's medical requests, possibly during the time she and her children were living at the shelter. *Id.* at ¶¶ 53-54. But, inexplicably and somewhat contradictory, Boyd claims that at some point her benefits were terminated and she was evicted from Marillac because ACDSS refused to pay. *Id.* at ¶¶ 73 & 76.

Aside from her complaints about the lack of privacy in Marillac, it is unclear to the Court why Plaintiff has named Marillac as a Defendant. Similarly, at some point Plaintiff may have sought assistance from Defendant The Legal Aid Society, but it is not clear what the outcome of any meeting may have been and it is equally unclear why that entity is named as a Defendant in this action.

At the conclusion of her Complaint, Plaintiff lists thirteen causes of action, including, but not limited to, claims brought pursuant to 1) various criminal statutes found in Title 18 of the United States Code; 2) 42 U.S.C. § 1983 for various constitutional violations, 2) New York's Freedom of Information Law ("FOIL"), 3) the Federal Administrative Procedure Act ("APA"); 4) Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e; 5) 42 U.S.C. §§ 1981 and 1985 for conspiracy, and 6) Title XIX of the Social Security Act, 42 U.S.C. § 1396. *Id.* at ¶¶ 105-216.

In its current state, notwithstanding the painstaking effort by the Court to discern the above, the Court finds that the Complaint fails to include enough facts to allow this Court to assess whether Plaintiff's rights were violated in any way. Indeed, the majority of Plaintiff's "facts" amount to nothing more than legal conclusions that her rights were violated, and are simply unsupported by

-5-

any clear allegations of fact. *See* Compl. at ¶¶ 4-104. The Complaint presents far too much of a burden for any Defendant to respond and should be dismissed. We are mindful, however, of the Second Circuit's preference that *pro se* complaints not be dismissed outright without first giving the litigant an opportunity to amend. *Thomspon v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002). Yet, in light of the expanse of the Complaint and the potential that Plaintiff suffers from a mental infirmity, the Court is not convinced that any direction to Plaintiff to amend her pleading would prove fruitful. Weighing this dilemma, with all lenity being given, the Court finds that the most prudent path forward would be to refer Ms. Boyd to the Northern District of New York Federal Court Bar Association's *Pro Se* Assistance Program, a service that can be offered to Plaintiff free of charge. *See* Northern District of New York Federal Court Bar Association website, *available at* www.ndnyfcba.org/about-us/pro-se-assistance-program (last visited March 23, 2015). Through the services of the *Pro Se* Assistance Program, Plaintiff may be able to set forth the pertinent facts that support her conclusory allegations of wrongdoing.

Notwithstanding this recommendation, the Court believes that there are some portions of the Complaint that can be resolved without the need for amendment. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (dismissal is appropriate where leave to amend would be futile). And the Court can provide some guidelines with regard to those claims that could possibly be pursued with proper amendment.

### B. Review of Claims

First, with regard to Plaintiff's attempt to present to this Court certain claims under Title 18 of the United States Code (*see* Compl. at ¶¶ 144-55 (5th, 6th, and 7th Causes of Action)), the Court notes that such Title concerns "Crimes and Criminal Procedure" and Plaintiff cannot bring a civil

action to enforce criminal statutes. *See Leeke v. Timmerman*, 454 U.S. 83, 85 (1981) (noting that a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (noting that criminal statutes do not provide private causes of action). Accordingly, Plaintiff cannot maintain an action for the Defendants' purported "Conspiracy against Rights," nor for "Deprivation of Rights under Color of Law," nor for "Violat[ing] Federally Protected Activities." Compl. at ¶¶ 144-55 (5th, 6th, & 7th Causes of Action) (citing 18 U.S.C. §§ 241, 242, & 245). To the extent Plaintiff is permitted an opportunity to amend her Complaint, she should be instructed **not** to include any causes of action premised under Title 18 of the United States Code.

Second, to the extent Plaintiff seeks to allege claims against Defendants Marillac and The Legal Aid Society pursuant to 42 U.S.C. § 1983 (*see* Compl. at ¶¶ 105-11 (1st Cause of Action)), the Court notes that, in its present form, the Complaint fails to establish how either of these entities are state actors. Indeed, the civil rights statute at issue establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States **by a person acting under color of state law**. *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (Section 1983 "is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights."). State action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted). Traditionally, the definition of acting under color of state law requires that the Section 1983 defendant "exercised power possessed by virtue of state law and made possible only because the

wrongdoer is clothed with the authority of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted)).

Because most of Plaintiff's allegations lump all Defendants together, it is difficult to decipher precisely why Plaintiff has named The Legal Aid Society and Marillac Shelter as Defendants. Nevertheless, there are no allegations in the Complaint that support the notion that The Legal Aid Society and/or the Marillac Shelter acted or act under color of state law, and this Court cannot fathom any circumstance by which it could be stated that these private, not-for-profit organizations could be deemed as acting under color of state law. Thus, to the extent Plaintiff is permitted an opportunity to amend her complaint, she should be instructed **not** to include any causes of action premised under 42 U.S.C. § 1983 against The Legal Aid Society and Marillac Shelter. While the Court cannot currently envisage, based on what has been presented in the Complaint, any other claim that could be asserted against these Defendants, with the assistance of the *Pro Se* Assistance Program, Plaintiff should be permitted to amend in order to assert claims against these Defendants for which she is entitled to some relief and that this Court would have proper jurisdiction over.

Third, Plaintiff alleges that certain individuals within ACDSS failed to comply with a FOIL request she made, purportedly pursuant to New York's Public Officer Law § 87. Compl. at ¶¶ 112-20 (2nd Cause of Action). The exact procedure Plaintiff followed in making her alleged FOIL request is unclear, and moreover, it equally unclear what documents she sought, though it appears to be some form of identification card that may have been confiscated by ACDSS during one of Plaintiff's visits or possibly denial of requests she made to view her file. *Id*. at ¶¶ 91-94.

Regardless, this venue is not the appropriate forum for challenging a denial of access under New York's FOIL. To the extent Plaintiff is asserting a denial of due process in connection with a FOIL request denial, such claim is not cognizable as it is clear that she has no property or liberty interest in obtaining FOIL documents. *See Simpson v. Town of Southampton*, 2007 WL 1755749, at *4 (E.D.N.Y. June 15, 2007) (citing cases for the proposition that courts in the Second Circuit have found that "a plaintiff has no property interest in obtaining FOIL documents" and further citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972), for the proposition that "[a] property interest must be more than an expectation . . . a person must have more interest than an abstract need or desire for the benefit sought").[4] And, if indeed Plaintiff submitted a FOIL request through the proper channels, any challenge to a denial of her request should be brought in State court pursuant to Article 78, and, in that vein, an adequate post-deprivation process is clearly available in New York State, for which Plaintiff apparently did not pursue. She cannot now come to this Court and complain about a lack of due process in connection with a procedure she failed to take advantage of. *Id*. at *5. As such, this claim should be **dismissed** with prejudice and without leave to replead. *Id*. (further citing *Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998), for the proposition that the court may deny a *pro se* litigant leave to amend where amendment would be futile).

In the same vein, the Court does not fully comprehend why Plaintiff is bringing a cause of action against the Defendants for a violation of the Federal Administrative Procedure Act ("APA"). Compl. at ¶¶ 197-201 (11th Cause of Action). Although she asserts that there has been a violation

---

[4] As explained in these cases, the FOIL statute, by its own wording, establishes a procedure by which an agency reviews a request and has the authority and discretion to deny it, within certain parameters, based upon its review. Thus, clearly individuals have no established liberty or property interest in obtaining documents pursuant to FOIL.

of the APA, it is not clear whether she is asserting a violation of the APA by virtue of an agency decision that adversely affected her, or if she is asserting a violation of the Freedom of Information Act ("FOIA") because documents she requested were denied to her. *Id*. (claiming a violation of the APA, but citing 5 U.S.C. § 552, which pertains to FOIA). Pursuant to the APA, "[a] person suffering legal wrong because of agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702. "Agency" is defined therein as "each authority of the Government of the United States[.]" 5 U.S.C. § 701(b)(1).[5] While there are some circumstances wherein a State entity can be seen as taking on federal agency status, there simply are no allegations herein that would suggest a level of federal supervision necessary for such status. *See Occidental Chem. Corp. v. Power Auth. of State of New York*, 758 F. Supp. 854, 859 (W.D.N.Y. 1991). Thus, Plaintiff cannot maintain a cause of action for violations of the APA against ACDSS for any determinations made by it and its employees. Similarly, under FOIA, and much like New York's FOIL, an individual may request access to documents and an agency may be directed to produce certain public documents that were improperly withheld. *Id*. at § 552(a)(3) & (4). Within FOIA, "agency' means each authority of the Government of the United States[.]" *Id*. at § 551(1).[6] To the extent Plaintiff alleges that ACDSS improperly withheld documents pursuant to FOIA, such claim must be dismissed as that entity does not fall within the definition of "agency" under that federal statute. *See Forsham v. Harris*, 445 U.S. 169, 177-78 (1980) (discussing the definition of "agency" under FOIA). Accordingly, Plaintiff's claims brought pursuant to the APA and FOIA should be **dismissed** with prejudice and without

---

[5] There are exceptions as to which entities fall within this definition but none are applicable here. 5 U.S.C. § 701(b)(1)(A)-(H).

[6] As with the APA, which incorporates certain definitions set forth in FOIA, there are exceptions to the definition of agency which are not applicable here. 5 U.S.C. § 551(1)(A)-(H).

leave to replead.

Fourth, Plaintiff asserts that the Defendants collectively discriminated and retaliated against her, and that their acts "constitute an unlawful discriminatory practice within [the] meaning of 42 U.S.C. § 2000-e." Compl. at ¶¶ 142-43 (4th Cause of Action). That statute, also known as Title VII of the Civil Rights Act of 1964, provides that: "It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Throughout her pleading, Plaintiff refers to herself as a "multicultural woman" but does not define precisely what that term means as it may pertain to her race, color, or national origin. Nevertheless, this statute is inapplicable because none of the Defendants are alleged to have employed Plaintiff nor does Plaintiff assert that she sought employment from any Defendant but, rather, was rebuffed because of her race, color, religion, sex, or national origin. Accordingly, this claim fails to state a claim for which relief could be granted and should be **dismissed** and leave to amend should not be granted as it would be futile.

Fifth, Plaintiff seems to assert violations of her rights protected under Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131 *et seq*. *See* Compl. at ¶¶ 211-16 (13th Cause of Action). Title II of the ADA provides, in pertinent part, that

> [n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.

The term "public entity" is defined to include "any department, agency, special purpose district, or other instrumentality of a State or States or local government[.]" 42 U.S.C. § 12131(1)(B). To state

*-11-*

a claim under Title II of the ADA, a plaintiff must allege "that (1) he or she is a qualified individual with a disability; (2) . . . the defendants are subject to the ADA; and (3) . . . plaintiff was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of plaintiff's disabilities." *Shomo v. City of New York*, 579 F.3d 176, 185 (2d Cir. 2009) (internal quotation marks and alterations omitted). The term "qualified individual with a disability" is statutorily defined to mean

> an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity.

42 U.S.C. § 12131(2).

Plaintiff's complaint lacks sufficient factual allegations to determine whether her ADA claim can satisfy any or all of these requirements. Specifically, while Plaintiff alleges that she suffers from some mental impairment, she does not satisfy the first element of the inquiry. The term "disability" is defined as follows:

> The term 'disability' means, with respect to an individual –
> (A) a physical or mental impairment that substantially limits one or more life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment (as described [elsewhere in the statute].

42 U.S.C. § 12102(1).

A plaintiff's complaint must plead facts plausibly suggesting that her alleged disability can meet all of the elements contained in the ADA's definition of disability. *See Thompson v. New York City Dep't of Probation*, 2003 WL 22953165, at *3 n.5 (S.D.N.Y. Dec. 12, 2003) ("Under the ADA definition of 'disability,' merely pleading a physical impairment without specifying that it 'substantially limits' a 'major life activity' may be insufficient to state a claim for relief."); *Detko*

*v. Blimpies Rest.*, 924 F. Supp. 555, 557 (S.D.N.Y. 1996) (dismissing plaintiff's complaint for failure to state a claim where the complaint failed to allege that his speech impediment "*substantially* limits his speaking" (emphasis in original)). Here, Plaintiff's Complaint fails to include any allegation that plausibly suggests that the extent of her alleged (mental) impairment "limits one or more major life activities." 42 U.S.C. § 12102(1). Nor, for that matter, has Plaintiff provided any facts from which it can be deduced or inferred that the Defendants denied her some benefit to which she was entitled and that such denial was because of her disability. Notwithstanding, the Court recommends that this claim be **dismissed** without prejudice with leave to replead.

Sixth, and last, Plaintiff has attempted to bring several causes of action pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 against the Albany County Defendants.[7] *See* Compl. at ¶¶ 105-11, 121-41, 156-59, 160-82, & 183-96 (1st, 3rd, 8th, 9th, and 10th Causes of Action). It seems that Plaintiff claims that all Defendants, possibly as part of a conspiracy, have discriminated and retaliated against her, deprived her of her property, and prevented her from speaking, questioning, or advocating on her behalf. As noted above, to the extent Plaintiff seeks to pursue § 1983 claims against Defendants Marillac and The Legal Aid Society, such claims should be denied without leave to replead. However, with regard to the Albany County Defendants, Plaintiff may properly assert claims pursuant to these statutes if she were to allege facts that plausibly show that her constitutional rights, or rights guaranteed by a federal statute, were violated. But, in its current form, the Complaint simply fails to state plausible claims for any such violations. Accordingly, the undersigned would recommend that these claims be dismissed without prejudice and with leave to replead. With the aid of the *Pro Se* Assistance Program, Plaintiff may be able to make clear why she feels that these

---

[7] Here we are collectively referring to ACDSS, Ronald M., Eric Ehrmann, and Albany County.

County Defendants violated her rights.

The Court further notes that Plaintiff claims that her rights pursuant to Title XIX of the Social Security Act were violated. Compl. at ¶¶ 202-11 (12th Cause of Action). Based on her reference to 42 U.S.C. § 1396a(a)(8), it is possible that Plaintiff is claiming a violation of her right to apply for Medicaid, and possibly that any denial of Medicaid violated that portion of the statute that directs that "[medical] assistance shall be furnished with reasonable promptness to all eligible individuals[.]" 42 U.S.C. § 1396a(a)(8). If a plaintiff can "demonstrate[] that a statute confers an individual right, the right is presumptively enforceable by § 1983." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). The initial inquiry is "whether or not a statute confer[s] rights on a particular class of persons." *Id*. (internal quotation marks and citation omitted). It has been held that enforcement of certain federal rights set forth in 42 U.S.C. § 1396(a) are enforceable through § 1983. *See*, *e.g., Shakhnes v. Berlin*, 689 F.3d 244 (2d Cir. 2012) (discussing and determining that the statutory right to the opportunity for a Medicaid "fair hearing" is established by the Medicaid Act and therefore enforceable through § 1983); *Rabin v. Wilson-Coker*, 362 F.3d 190 (2d Cir. 2004) (citing various cases that have found several portions of the Medicaid Act are enforceable by individuals through § 1983); *see also Bryson v. Shumway*, 308 F.3d 79, 88-89 (1st Cir. 2002) (cited in *Rabin*, 362 F.3d at 202, for the proposition that "Section 1396a(a)(8), which requires that state Medicaid plans provide that medical assistance 'shall be furnished with reasonable promptness to all eligible individuals' supports a Section 1983 claim). However, because there are a paucity of facts set forth in the Complaint, it is impossible for the Court to assess whether any rights guaranteed to Plaintiff were violated. Thus, we recommend that this claim be dismissed without prejudice and with leave to replead.

## II. CONCLUSION

While the Court recognizes that Plaintiff is proceeding *pro se* and that this requires the Court to treat her pleadings with a certain degree of liberality, we find, as explained above, that the Complaint is wholly insufficient to state any plausible claim for relief or to allow any named Defendant to make a reasonable response. Under these circumstances, the Court concludes that the Complaint fails to state a claim upon which relief may be granted and is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Ashcroft v. Iqbal*, 556 U.S. at 678 ("[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 557). Thus, we recommend dismissal of this action.

Alternatively, in light of her *pro se* status, the Court recommends that prior to outright dismissal of this action, Plaintiff should be afforded the opportunity to file an amended complaint, if she desires to proceed with this action, with regard to certain claims as outlined above. Should Plaintiff be directed by the District Judge to file an amended complaint, we offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that clearly identifies, by name, each individual that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that her rights were violated by more than one defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such

misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's rights.

Plaintiff's amended complaint shall also assert claims against each and every defendant named in such complaint; **any defendant not named in such pleading shall not be a defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference. **Plaintiff shall state in the single amended complaint all claims that she wishes this Court to consider as a basis for awarding Plaintiff relief herein; her failure to file such a pleading will result in dismissal of this action without further Order of the Court**. Any amended complaint submitted by plaintiff must set forth all of the claims she intends to assert against the defendants and must demonstrate that a case or controversy exists between the plaintiff and the defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendants violated some other federal or state law, aside from 42 U.S.C. § 1983, she should specifically make reference to such laws.

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that pursuant to the Court's review under 28 U.S.C. § 1915, Plaintiff's entire Complaint should be **dismissed** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted. However, in light of her *pro se* status, this Court further

**RECOMMENDS**, that prior to outright dismissal, Plaintiff be referred to the Northern District of New York Federal Court Bar Association's *Pro Se* Assistance Program (www.ndnyfcba.org/about-us/pro-se-assistance-program) so that she can obtain assistance with amending her Complaint with regard to certain claims as outlined below:

1) Plaintiff should be permitted an opportunity to amend the following claims:

    a) claims for which she is entitled to legally pursue against Marillac and The Legal Aid Society;

    b) claims against the County Defendants for purported violations of 42 U.S.C. §§ 1981, 1983, and 1985; and

    c) claims under the ADA;

2) Plaintiff **should not**, however, be permitted to amend her Complaint to include claims pursuant to

    a) Title 18 of the United States Code;

    b) the Federal APA; or

    c) FOIA; or

    d) claims against Marillac and The Legal Aid Society pursuant to 42 U.S.C. § 1983;

In any amended complaint that Plaintiff files, Plaintiff must allege claims of misconduct or wrongdoing against Defendants that she has a legal right to pursue and over which this Court has jurisdiction; and it is further

**RECOMMENDED**, that, should Plaintiff be given an opportunity to amend her Complaint with the aid of the *Pro Se* Assistance Program, she should be forewarned that any attorney assigned to assist her through that program is not her attorney in this matter and is simply providing a service to her free of charge by which she can draft an amended complaint; and it is further

**RECOMMENDED**, that any amended complaint be submitted to the undersigned for further review; and it is further

**ORDERED**, that, as set forth below, Plaintiff will have an opportunity to assert any objection she may have to anything included in this Report-Recommendation and Order. Aside from filing such objections, Plaintiff should <u>not</u> file any other documents with the Court until and

unless she is directed to do so by the assigned District Judge. Similarly, Plaintiff should note that although there is a recommendation of referral to the *Pro Se* Assistance Program, Plaintiff should await instruction from the assigned District Judge as to whether she will be permitted to amend her pleading prior to contacting anyone at the Assistance Program; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: March 27, 2015
       Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge