UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TAMESHA N. BOYD,

       Plaintiff,

   -against-            1:14-CV-1386 (LEK/RFT)

ALBANY COUNTY DEPARTMENT OF
SOCIAL SERVICES, *et al.*,

       Defendants.

_____

**DECISION AND ORDER**

  This matter comes before the Court following a Report-Recommendation filed on March 27, 2015, by the Honorable Randolph F. Treece, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 6 ("Report-Recommendation"). *Pro se* Plaintiff Tamesha N. Boyd ("Plaintiff") filed Objections. Dkt. No. 7 ("Objections").[1]

  Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72(b); L.R. 72.1(c). If a party objects to a Report-Recommendation, "the Court subjects that portion of the report-recommendation to a *de novo* review." Williams v. Roberts, No. 11-CV-0029, 2012 WL 760777, at *3 (N.D.N.Y. Mar. 7, 2012) (citing FED. R. CIV. P. 72(b)(2) and 28 U.S.C. § 636(b)(1)(C)); see also United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district

---

[1] The deadline for Plaintiff to file objections to the Report-Recommendation was April 10, 2015. See FED. R. CIV. P. 72(b); L.R. 72.1(c). Plaintiff's Objections are dated April 13, 2015, and were filed on April 14, 2015. Objs. Though Plaintiff's Objections are therefore untimely, the Court will nevertheless consider them in light of Plaintiff's *pro se* status.

court should review that aspect of a report-recommendation for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306-07 & n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06 Civ. 13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

Plaintiff objects to the portion of the Report-Recommendation dismissing her claims under the Americans with Disabilities Act ("ADA") on the ground that Plaintiff failed to "plead facts plausibly suggesting that her alleged disability can meet all of the elements contained in the ADA's definition of disability." See Objs. at 4; Report-Rec. at 12. "To state a claim under Title II of the ADA, the plaintiff must allege 'that (1) [he or she is a] qualified individual[ ] with a disability; (2) that the defendants are subject to the ADA; and (3) that plaintiff[ ] w[as] denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or w[as] otherwise discriminated against by defendants, by reason of plaintiff['s] disabilities.'" Shomo v. City of N.Y., 579 F.3d 176, 185 (2d Cir. 2009) (citation omitted) (alterations in original). In the Report-Recommendation, Judge Treece found that although Plaintiff alleged that she suffered from a "mental impairment," she failed to plead any facts plausibly suggesting that her mental impairment "limits one or more major life activities," Report-Rec. at 12 (quoting 42 U.S.C. § 12102(1)), or that "Defendants denied her some benefit to which she was entitled and that such denial was because of her disability," id. In her Objections, Plaintiff clarifies that she suffers from Post-Traumatic Stress

2

Disorder, but still fails to allege that it substantially limits a major life activity, or that Defendants denied her benefits to which she was entitled. See Objs. at 4. The Court therefore finds that Judge Treece properly dismissed Plaintiff's ADA claim without prejudice.

Plaintiff also generally requests leave to replead her claims. See id. at 1. However, she waives any objection to portions of the Report-Recommendation dismissing with prejudice her claims under: (1) the United States Criminal Code; (2) New York's Freedom of Information Law; and (3) the Federal Administrative Procedure Act. See id. at 5. Furthermore, Plaintiff does not raise specific objections to the portions of the Report-Recommendation that dismiss other claims with prejudice. See generally id. Consequently, the Court has reviewed the portions of the Report-Recommendation wherein Judge Treece denied Plaintiff's claims with prejudice and has found none.

The remainder of Plaintiff's Objections merely reiterate allegations made in the Complaint, or are conclusory. See generally id. Accordingly, the Court has reviewed those portions of the Report-Recommendation for clear error and has found none.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 6) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the following claims are **DISMISSED without prejudice and with leave to replead**: (1) claims that Plaintiff is entitled to legally pursue against Marillac and The Legal Aid Society; (2) claims against the County Defendants for purported violations of 42 U.S.C. §§ 1981, 1983, and 1985; and (3) claims under the ADA; and it is further

**ORDERED**, that the following claims are **DISMISSED with prejudice**: (1) claims under

3

Title 18 of the United States Code; (2) claims under the Federal Administrative Procedure Act and Freedom of Information Act; (3) claims under New York's Freedom of Information Law; and (4) claims against Marillac and The Legal Aid Society pursuant to 42 U.S.C. § 1983; and it is further

**ORDERED**, that the Clerk of the Court refer Plaintiff to the Northern District of New York Federal Court Bar Association's Pro Se Assistance Program (www.ndnyfcba.org/about-us/pro-se-assistance-program) so that she can obtain assistance with amending her Complaint as outlined in the Report-Recommendation. Plaintiff is advised that any attorney assigned to assist her through this program is not her attorney in this matter and is simply providing a service to her free of charge by which she can draft an amended complaint; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:	May 28, 2015
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge