**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TAMESHA N. BOYD,

         Plaintiff,

    - v -              Civ. No. 1:14-CV-1386
                      (LEK/DJS)

ALBANY COUNTY DEP'T OF SOC. SERVS.,
*et al.*,

         Defendants.

**APPEARANCES:**            **OF COUNSEL:**

TAMESHA N. BOYD
Plaintiff, *Pro Se*
P.O. Box 281
Albany, New York 12201

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    This civil rights action has been pending in this Court for more than two years and has yet to proceed beyond the Court's initial screening. Despite being offered several opportunities, Plaintiff has failed to provide the Court with an amended pleading that complies with the Federal Rules of Civil Procedure and a states a cognizable claim to relief. The Court has shown great liberality to Plaintiff in light of her *pro se* status, and in light of the difficulties she has expressed to the Court in formulating her pleading so that it meets minimum standards imposed by the Federal Rules and other applicable law. However, in light of the Plaintiff's failure to prosecute her case, the Court can no longer allow this matter to sit idly on its active Docket.

    Plaintiff commenced this action on November 14, 2014, with the filing of a Complaint. Dkt. No. 1, Compl. On that same date, and accompanying that filing, Plaintiff also sought permission

to proceed with this matter *in forma pauperis* ("IFP"). Dkt. No. 2, IFP Application. That request was granted on February 27, 2015, and, in accordance with 28 U.S.C. § 1915, then-Magistrate Judge Randolph F. Treece reviewed the Complaint and issued a Report-Recommendation and Order on March 27, 2015. Therein, Judge Treece observed that the pleading, though somewhat difficult to decipher, seemed to center around claims of discrimination against her by employees of the Albany County Department of Social Services. Judge Treece concluded that, in its present form, the Complaint failed to state a claim for relief and should be dismissed; however, in light of her *pro se* status, Judge Treece recommended that she be given an opportunity to amend her Complaint in order to cure the deficiencies and that she should be referred to the Northern District of New York Federal Court Bar Association's *Pro Se* Assistance Program for assistance with amending certain claims. Dkt. No. 6.

On May 28, 2015, the Honorable Lawrence E. Kahn, Senior United States District Judge, approved and adopted Judge Treece's recommendations, and Plaintiff was granted permission to replead certain claims upon receiving assistance from the *Pro Se* Assistance Program. Dkt. No. 8. Approximately one month later, after not having received anything further from Plaintiff, Judge Treece issued an Order directing Plaintiff to provide a written status report regarding her intentions to submit an amended complaint. Dkt. No. 9. In response to that Order, Plaintiff sought an extension of time within which to file an amended pleading, noting that she reached out to the *Pro Se* Assistance Program and recently received a call back. Dkt. No. 11. In light of those representations, and in the interest of justice, the Court directed Plaintiff to file another status report with the Court advising when she conferred with the Assistance Program and, upon receipt of that report, the Court would reset the deadline to file an amended pleading. Dkt. No. 12.

Plaintiff did not file a status report as directed and, on September 15, 2015, Judge Treece issued another Report-Recommendation and Order noting that the Docket reflects that Plaintiff had received the Court's prior Orders, but she failed to file a status report or communicate in any way with the Court. Dkt. No. 14. As Judge Treece aptly observed, "this action has sat stagnant for some time . . . . [and] [t]he Court has taken all due liberalities with the District's Rules of Practice and Federal Rules of Civil Procedure in light of Ms. Boyd's *pro se* status, and has offered the services of the District's *Pro Se* Assistance Program all the while allowing considerable time to pass while the case sits idly on the Court's Docket" *Id*. at p. 3. Thus, Judge Treece recommended that this matter be dismissed without prejudice for failure to timely prosecute. *Id*. Upon Judge Treece's retirement from the bench, the case was reassigned to the undersigned. Dkt. No. 15.

Despite the fact that Judge Treece's Report-Recommendation and Order was returned to the Court as undeliverable and unclaimed, Dkt. No. 17, Plaintiff filed timely objections to the recommendations, Dkt. No. 16. Plaintiff explained that she was unable to move her case forward because of medical issues that have affected her since at least June 26, 2015, and that she had not heard back from the Assistance Program. Dkt. No. 16. Judge Kahn, observing that Plaintiff had taken an active role early on in the litigation, rejected the recommendation for dismissal and allowed Plaintiff "one more opportunity in the interest of justice to demonstrate that she is actively working with the *Pro Se* Assistance Program to draft an amended complaint." Dkt. No. 18 at pp. 2-3.

With the matter having been referred back to the undersigned, I issued an Order directing Plaintiff to continue her pursuits to amend her Complaint and provide a written status report on or before December 7, 2015, detailing those efforts. Dkt. No. 19. Therein, Plaintiff explained she had been stymied in her efforts to work with the Assistance Program because they had been slow to

contact her. She diligently detailed the efforts taken for follow up and sought more time to work with the Program. Dkt. No. 21.

On March 7, 2017, having still not received an amended pleading from Plaintiff, the Court issued an Order directing Plaintiff to file another status report on or before March 21, 2017. To date, Plaintiff has not filed a status report or otherwise communicated with the Court.

At this juncture, I feel the Court has more than exceeded its obligation to show due liberality to Plaintiff in light of her *pro se* status. While the Court is sympathetic to the Plaintiff's medical conditions, and is certainly disappointed to hear that she had been experiencing difficulty obtaining the aid of the *Pro Se* Assistance Program, neither of these factors excuse her obligation to move this case forward. For the past two years, the onus has been on the Plaintiff to submit an amended complaint, and, despite the Court's many efforts and allowances, none have been forthcoming. The original Complaint has already been dismissed, and in light of the two-year gap of time by which Plaintiff still has failed to submit an amended complaint, there seems little choice here but to recommend dismissal of this action without prejudice.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this matter be dismissed without prejudice for failure to file an amended complaint as directed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday,
(continued...)

written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: May 1, 2017
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[1](...continued)
then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).